# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES A. BURNS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:06-CV-1197-CDP |
| UNKNOWN GUNJA, ALBERTO GONZALES, UNKNOWN PSYCHE STAFF and UNKNOWN OTHERS, | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner James A. Burns's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241.

### The petition

Petitioner, presently detained at the United States Medical Center for Federal Prisoners in Springfield, Missouri, alleges that he is an incompetent person and, thus, cannot be held accountable for commission of a crime. Petitioner states that a professional informant used entrapment tactics to weaken his mind, which was already weakened because he had not had his medicine (Prozac). He alleges that all United States' laws passed during the last sixty-one years are null and void because President Harry S. Truman signed the United Nations Treaty and United Nations Participation Act of 1945. He also alleges that psychiatry is a useless and dangerous "hodgepodge of unproven theories" entrenched among United States intelligence services which experiment on the public "with the help of ex-neo Nazi scientists." According to petitioner, psychiatry is at war with L. Ron Hubbard's dianetics and religious scientology.

**Discussion**

A petition brought pursuant to § 2241 must be filed in the United States district court where the petitioner is incarcerated. *See* 28 U.S.C. §§ 2241(a) (providing federal courts with power to grant a writ of habeas corpus only "within their respective jurisdictions."). This requirement is jurisdictional. *Rumsfeld v. Padilla,* 542 U.S. 426, 124 S.Ct. 2711, 2722 ("jurisdiction lies in only one district: the district of confinement."). Petitioner's petition indicates that he is presently incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri, which is in the Western District of Missouri. Accordingly, this Court lacks jurisdiction to adjudicate the claim under § 2241.

If the Court were to construe the petition as being brought pursuant to 28 U.S.C. § 2255, the Court would still lack jurisdiction because a petition brought under § 2255 must be heard in the sentencing court. It appears that the sentencing court was the United States District Court for the Eastern District of Kentucky. Accordingly, this Court lacks jurisdiction to adjudicate the claim under § 2255.

While the Court has the authority to transfer a § 2241 petition or a § 2255 motion brought in the wrong district, transfer in this case appears futile. Petitioner's claims are "clearly baseless," that is, "fanciful," "fantastic," and "delusional" under the standard set forth by the Supreme Court in *Denton* and *Neitzke*. *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992) (citing *Neitzke v. Williams,* 490 U.S. 319, 325-27, 109 S.Ct. 1827, 1831-33 (1992)). Nothing set forth by petitioner lends credence to his petition. Petitioner's allegations are not merely unlikely but wholly incredible. *See Denton*, 504 U.S. at 33, 112 S.Ct. at 1734.

The Court concludes that it lacks jurisdiction to consider this petition and that transfer

would be futile. Accordingly, the petition will be dismissed without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's application for a writ of habeas corpus [Doc. 1] be **DENIED**.

An appropriate order of dismissal will accompany this memorandum and order.

Dated this 29th day of August, 2006.

_____
**UNITED STATES DISTRICT JUDGE**